**Lhakpa DOLMA, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–2995–ag.

United States Court of Appeals, Second Circuit.

Jan. 24, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Gary J. Yerman, Esq., New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Russell J. Verby, Senior Litigation Counsel, Elizabeth A. Greczek, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

***SUMMARY ORDER***

Petitioner Lhakpa Dolma, a native of Tibet China, seeks review of a July 2, 2007 order of the BIA affirming the September 6, 2005 decision of Immigration Judge ("IJ") Philip Morace, pretermitting Dolma's application for asylum and denying her applications for withholding of removal and CAT relief. *In re Dolma,* No. A 98 694 901 (B.I.A. July 2, 2007), *aff'g* No. A 98 694 901 (Immig. Ct. N.Y. City Sept. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

█ As a preliminary matter, although Dolma challenged the pretermission of her asylum application before the BIA, she concedes in her brief that this Court lacks jurisdiction to review that decision. *See* 8 U.S.C. § 1158(a)(3). As such, she has waived any challenge to the agency's decision in this respect. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

█ With respect to Dolma's claims for withholding of removal and CAT relief, the agency's decisions contained several flaws that necessitate remand. The IJ found that because Dolma had never been arrest-

ed or harmed by the authorities in Tibet, and because the government was unaware of her participation in a demonstration in New York, there was no basis to support a finding of a well-founded fear or a likelihood of persecution if she returned to Tibet. However, the record contains two letters from Dolma's mother stating that the authorities have been looking for Dolma since she left Tibet and that two acquaintances who escaped to Nepal with her but returned to Tibet were arrested and imprisoned.

Although the BIA need not " 'expressly parse or refute on the record each individual argument or piece of evidence offered by [a] petitioner' as long as it 'has given reasoned consideration to the petition, and made adequate findings,' ...; 'IJs and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his [order] claim.' " *See Gao v. Mukasey,* 508 F.3d 86, 87 (2d Cir.2007) (internal quotations omitted); *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006) (remanding to the BIA where it failed to consider "unquestionably material" evidence).

Dolma was found to be credible by the IJ, and, if authentic, the letters lend support to her argument that she would face persecution if she returned to Tibet. Indeed, the letters undermine the IJ's conclusion that there is no reason for the authorities to "single her out." At the least, the IJ should have made some determination as to the probative weight of the letters where they were plainly material to Dolma's claim.

■ In addition, the BIA exceeded the scope of its appellate authority by making factual findings not made by the IJ. The BIA is expressly prohibited from engaging in independent fact-finding other than "taking administrative notice of commonly known facts such as current events or the contents of official documents." 8 C.F.R. §§ 1003.1(d)(3)(iv), 1003.3(f). If the BIA determines that further fact-finding is necessary, the proper course is normally to remand the case to the IJ for this purpose. *Id.* § 1003.1(d)(3)(iv); *see Xian Tuan Ye v. DHS,* 446 F.3d 289, 296 (2d Cir.2006). The IJ's decision analyzed Dolma's claims by addressing the likelihood that she would be persecuted and tortured in Tibet, making no findings regarding whether she would be repatriated from Nepal to Tibet. In contrast, the BIA found that the fact that Dolma would first have to be repatriated to Tibet from Nepal before she would be ever persecuted or tortured in Tibet made the likelihood of persecution or torture more attenuated. It was, the BIA stated, an extra "step" in the chain of hypothetical events. Moreover, the BIA found that, despite country reports indicating that Tibetans were repatriated, there was no indication of "the percentage" of such repatriation. The record contains very little information about the likelihood of repatriation. However, the 2005 Country Report for China indicates that "Tibetans repatriated from Nepal reportedly suffered torture...." Indeed, the BIA noted that finding in its decision.

Dolma's detailed statement, found to be credible, stated that she had no legal documentation in Nepal and that she feared she would be sent back to Tibet. The IJ, accepting Dolma's statement in place of her testimony, never questioned her as to the likelihood of her being repatriated to Tibet from Nepal. If, ultimately, the likelihood that Dolma would be repatriated bore on her ability to establish eligibility for relief, the BIA erred in failing to remand for a factual determination regarding the likelihood of repatriation. *See Xian Tuan Ye,* 446 F.3d at 296.

As a final matter, the agency erred in failing to address Dolma's argument that she will be persecuted based on the pattern or practice of persecution against Tibetans in China, especially those repatriated from Nepal. Although withholding of removal requires the applicant to demonstrate that it is more likely than not that she will be persecuted in her country of removal, such a showing does not require "evidence that [the applicant] would be singled out individually for such persecution" if: (i) the applicant establishes that in that country there is *a pattern or practice of persecution of a group of persons similarly situated to the applicant* on account of race, religion, nationality, membership in a particular social group, or political opinion; and (ii) the applicant establishes his or her own inclusion in and identification with such group of persons such that it is more likely than not that his or her life or freedom would be threatened upon return to that country. *See* 8 C.F.R. § 208.16(b)(2) (emphasis added). Our recent decision in *Mufied v. Mukasey*, 508 F.3d 88 (2d Cir.2007), also involving a withholding of removal claim, is on point. In that case, we remanded to the agency where it failed to consider the petitioner's claim that there is a pattern or practice of persecution of Christians in Indonesia. *Id.* at 91–92. We noted that, although the IJ considered the country conditions evidence in the background materials, it did so only for the purpose of finding that it is more likely than not that the *"particular person* will be persecuted," adding that the agency had simply noted that the petitioner "faced few problems." *Id.* (emphasis in original). Here, Dolma raised a pattern or practice argument on appeal to the BIA. However, while the BIA acknowledged the evidence demonstrating that Tibetans repatriated from Nepal are subject to imprisonment, hard labor, and torture, it never made a finding as to whether such evidence reflected a pattern and practice of persecution of Tibetans, obviating the need for Dolma to show that she would be singled out for persecution. Rather, the agency found that, *despite* the record, Dolma had never experienced difficulties with the authorities and thus failed to demonstrate a likelihood that she personally would be persecuted or tortured. Accordingly, we remand to the BIA to address this issue in the first instance, applying the correct legal standard. *See Mufied v. Mukasey*, 508 F.3d at 91–94.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).